UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BURRELL DAVIS, ) | |
| ) | |
| PLAINTIFF, ) | Case No: _____ |
| ) | |
| vs. ) | |
| ) | JURY DEMAND |
| CITY OF LAVERGNE, ) | |
| ) | |
| DEFENDANT . ) | |

## COMPLAINT

Plaintiff Burrell Davis ("Plaintiff" or "Sails"), files his *Complaint* against the City of Lavergne ("Defendant" or "Precision"), and alleges as follows:

### I. INTRODUCTION

1. This is a civil action to make whole the plaintiff for unlawful employment practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") (Counts I and II); and the Tennessee Human Rights Act ("THRA").

2

## II. PARTIES

2. Plaintiff at all times relevant to this *Complaint,* resided in La Vergne, Tennessee.

3. Defendant, the city of Lavergne, is a municipal entity, with its principal corporate address at 5093 Murfreesboro Road, La Vergne, TN 37086.

4. Valid service of process may be obtained on the city of La Vergne by serving the city attorney at 5093 Murfreesboro Road, La Vergne, TN 37086.

## III. JURISDICTION AND VENUE

5. Plaintiff brings this action under 28 U.S.C. § 1331, alleging the original jurisdiction of this Honorable Court over this private suit to enforce federal civil rights and employment law protections.

6. Venue is proper in the United States District Court for the Western District of Tennessee pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful/discriminatory employment practices occurred within Rutherford County, Tennessee, where Plaintiff formerly worked, where Plaintiff suffered the unlawful and discriminatory employment practices and resultant damages, and where Plaintiff would have continued to be employed by Defendant in the absence of its unlawful/discriminatory employment practices.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff has met all procedural requirements for filing this Complaint, including administrative exhaustion required for jurisdiction in this Court.

8. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and did so within 300 days of the actions of which he complained. Plaintiff filed his Charges for violations of Title VII (Charge No. 494-2023-01365). On or about January 16, 2024, Plaintiff received his *Right to Sue Notices* from the EEOC for the aforementioned Charges and therefore concluded the process of exhaustion requirements with the EEOC. Accordingly, this lawsuit and supporting Title VII and ADA/ADAAA claims are properly and timely filed within ninety (90) days of issuance by the EEOC of Plaintiff's Notices of Right to Sue Letter on January 16, 2024. **(Exhibit 1, "Notice of Right to Sue").**

## V. STATEMENT OF FACTS

9. Plaintiff Burrel C. Davis II was hired by the City of La Vergne, Tn Police Department on August 11, 2003, as an entry level Police Officer.

10. Plaintiff was hired due to already being a certified Police Officer since 1998 in the state of Tennessee by the Tennessee Peace Officers Standards of Training.

11. Plaintiff is African American.

12. The Chief of Police is responsible for planning, overseeing, and directing the activities, operations, and personnel of the department. His job description entails providing effective evaluation, direction, and supervision to specific staff; developing and supervising work schedules of employees to achieve adequate coverage and control.
13. Sometime near the end of October, Henry McGowan sent the Plaintiff a picture that appeared to be of Hall and an unidentified black male, and I asked, "who Dat" and he replied, Hall... Lewis. There was no way to confirm the individuals in the picture and the policy does not say that officers cannot be involved in relationships. However, December 8th, after a medical incident with Hall, I called Lewis Powell into my office and asked him if there was anything I need to know about him and Hall and if they were involved with each other and he replied, "no boss" and I left it alone. At this point, I questioned whether I was told the correct names or not. Also, city policy allows relationships between employees, but they must report the relationship. No one involved in the sex investigations reported being in an intimate relationship with Hall.
14. During the December investigation in 2022, it was discovered that the first incident occurred on Memorial Day weekend in 2022. This was not reported at that time. It was later discovered after my termination that Hall

5

had sex with multiple officers while in the police academy including one of her instructors, and while she was employed with UPS prior to being employed by the City of La Vergne. All other claims came out during the investigation conducted by the Human Resource Director.

15. A number of white supervising officers found liable of misconduct received no disciplinary action in this matter.

16. On February 6, 2023, Plaintiff was terminated from his position.

## VI. CAUSES OF ACTION

### Count I: Title VII
### Racial Discrimination

*Plaintiff repeats, re-alleges, and incorporates the paragraphs above as if fully set forth herein.*

17. Plaintiff has established a *prima facie* case of racial discrimination

18. Plaintiff was terminated while other white supervisors received no disciplinary action.

19. Plaintiff is entitled to damages due to defendant's racial discrimination in violation of Title VII.

### Count II: Title VII
### Retaliation

*Plaintiff repeats, re-alleges, and incorporates the paragraphs above as if fully*

6

*set forth herein.*

20. Plaintiff has established a *prima facie* case of racial discrimination.

21. Plaintiff has shown other white supervisors were not disciplined in this matter.

22. Defendant retaliated against Plaintiff in violation of Title VII by terminating him.

## Count III:
## Tennessee Human Rights ACt
## Racial Discrimination

*Plaintiff repeats, re-alleges, and incorporates the paragraphs above as if fully set forth herein.*

23. Plaintiff has established a *prima facie* case of racial discrimination

24. Plaintiff was terminated while other white supervisors received no disciplinary action.

25. Plaintiff is entitled to damages due to defendant's racial discrimination in violation of Title VII.

## Count IV:
## Tennessee Human Rights Act
## Retaliation

*Plaintiff repeats, re-alleges, and incorporates the paragraphs above as if fully set forth herein.*

26. Plaintiff has established a *prima facie* case of racial discrimination.

7

27. Plaintiff has shown other white supervisors were not disciplined in this matter.

28. Defendant retaliated against Plaintiff in violation of Title VII by terminating him.

## VII. PRAYER FOR RELIEF

*WHEREFORE, Plaintiff respectfully requests:*

1. A jury trial;

2. Back pay and damages for lost benefits, insurance and actual damages;

3. Reinstatement and/or front pay;

4. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

5. Liquidated damages;

6. Punitive damages;

7. Attorneys' fees and expenses;

8. Prejudgment interest and, if applicable, post-judgment interest; and

9. Such other and further legal or equitable relief to which he may be entitled under TITLE VII, the THRA, and any other statutory or common law.

Respectfully submitted,

*/s/ Burrell Davis*

Burrell Davis