IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **BURREL C. DAVIS II** | ) | |
| | ) | |
| v. | ) | Case No. 3:24-cv-00461 |
| | ) | |
| **CITY OF LAVERGNE** | ) | |

**TO:** Honorable William L. Campbell, Jr, Chief United States District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered April 22, 2024 (Docket Entry No. 5), the Court referred this *pro se* employment discrimination case to the Magistrate Judge for pretrial matters under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rule of Court.

Presently pending is the motion to dismiss filed by Defendant City of LaVergne, Tennessee (Docket Entry No. 10). Plaintiff opposes the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED** and this case be **DISMISSED**.

## I. BACKGROUND

Burrel C. Davis, II, ("Plaintiff") is a resident of La Vergne, Tennessee. He worked for several years as a police officer for the Police Department for City of La Vergne ("City" or "Defendant"). He was most recently employed as the Chief of Police, a position that he held until he was terminated from his employment on February 6, 2023.

Believing that he was wrongfully terminated because of his race – African American – and because of retaliation against him, he filed this *pro se* lawsuit against the City on April 16, 2024. *See* Complaint (Docket Entry No. 1). Plaintiff brings his claims under both Title VII of the Civil

Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") and the Tennessee Human Rights Act, T.C.A. §§ 4-21-101 *et seq*. ("THRA"), and he also brings a claim for "hostile work environment." *See* Amended Complaint (Docket Entry No. 6) at 6-10. Plaintiff seeks various forms of relief and demands a jury trial. *Id*. at 10-11. Plaintiff asserts that he filed a charge of discrimination and received a Determination and Notice of Rights ("RTS Letter") from the Equal Employment Opportunity Commission ("EEOC") on or about January 16, 2024. *Id*. at 3. Attached as an exhibit to the complaint is a copy of the RTS Letter. *See* Docket Entry No 6-1.

Defendant was served with process. In lieu of an answer, Defendant filed the pending motion to dismiss. Plaintiff has responded in opposition to the motion. Entry of a scheduling order has been reserved by the Court until after resolution of the motion to dismiss.

## II. MOTION TO DISMISS AND RESPONSE

Defendant seeks dismissal of Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues: (1) Plaintiff's complaint was filed more than 90 days after he received his RTS Letter and his Title VII claims were therefore not timely brought in federal court; (2) Plaintiff failed to exhaust his administrative remedies as it relates to his Title VII claim for retaliation and his claim for a hostile work environment, to the extent that this claim is brought under Title VII, because no allegations of retaliation or a hostile work environment were included in his charge of discrimination; (3) Plaintiff's claims under the THRA are barred by the applicable one year statute of limitations; (4) the hostile work environment claim, to the extent that it is bought under the Tennessee Disability Act ("TDA"), is likewise barred by the applicable one year statute of limitations; and, (5) Plaintiff fails to state viable claims for racial discrimination or retaliation.

2

*See* Memorandum in Support (Docket Entry No. 11). Attached to Defendant's motion is a copy of Plaintiff's charge of discrimination. *See* Docket Entry No. 11-1

In response, Plaintiff asserts that he experienced medical issues during the 90-day time period that hindered his ability to file his lawsuit. *See* Response (Docket Entry No. 15) at 2. He further argues that internal administrative remedies within the City were not available to him and that he brought his complaints about a hostile work environment to the attention of the EEOC investigator. *Id*. at 2-5. Plaintiff further sets forth factual allegations in support of his discrimination and retaliation claims. *Id*. at 5-7. Plaintiff attaches to his response medical billing records and documents that appear to have been created during the EEOC investigation that he contends support his response. *See* Docket Entry No. 15-1.

In reply, Defendant essentially contends that (1) Plaintiff does not set forth any basis that adequately rebuts the legal arguments for dismissal of the Title VII claims and (2) Plaintiff fails to argue against the dismissal of his THRA claims and thus concedes that the THRA claims were not timely filed. *See* Reply (Docket Entry No. 16).

Although the Court specifically advised Plaintiff that no sur-reply would be permitted, *see* Order entered June 25, 2024 (Docket Entry No. 12), he has filed two "responses" to the reply filed by Defendant. *See* Docket Entry Nos. 17 and 18. These responses are actually sur-replies despite being styled as responses. Because the Federal Rules of Civil Procedure and this Court's Local Rules do not expressly permit the filing of a sur-reply, a sur-reply is only permitted if leave of the court to make such a filing is first granted. *See Key v. Shelby Cnty.*, 551 F.App'x 262, 265 (6th Cir. 2014); *Brisbane v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 2022 WL 524769, at *1 n.2 (M.D. Tenn. Feb. 22, 2022) (declining to consider plaintiff's response to defendant's reply

3

filed without requesting or receiving permission to do so because it is not allowed under the Local Rules). Because Plaintiff failed to request leave of the Court to file a sur-reply, the Court will not consider his impermissible filings in review of the pending motion.

## III. STANDARD OF REVIEW

Defendant's Rule 12(b)(6) motion to dismiss is reviewed under the standard that the Court must accept all the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Plaintiff's factual allegations must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id*.; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## IV. ANALYSIS

After review of the parties' filings on the motion to dismiss, the Court finds that Defendant has raised valid and sound defenses that Plaintiff did not file his lawsuit in a timely manner. Because Defendant's timeliness defenses are conclusive and require the dismissal of this lawsuit in its entirety, there is no need for the Court to address Defendant's alternative arguments for dismissal.

4

### A. Plaintiff's Title VII Claims

Plaintiff's Title VII claims must be dismissed because his federal lawsuit was not timely filed as to these claims. A plaintiff pursuing a claim under Title VII must file a lawsuit within 90 days of receipt of the right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *Fuller v. Mich. Dep't of Transp.*, 580 F.App'x 416, 424 (6th Cir. 2014); *Truitt v. County of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998). The 90-day filing deadline is not jurisdictional; rather, it is a mandatory claims-processing rule that must be enforced if properly raised by the employer. *See Truitt,* 148 F.App'x, at 646; *Kilpatrick v. HCA Human Res., LLC*, 838 F.App'x 142, 146 (6th Cir. 2020); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). A lawsuit that was not filed within the 90-day period is subject to dismissal as untimely, even if it was filed only a few days late. *See Peete v. American Standard Graphic*, 885 F.2d 331, 331-32 (6th Cir. 1989) (affirming dismissal of lawsuit filed ninety-one days after the plaintiff's receipt of the right-to-sue notice); *Fischer v. Jenkins*, 1992 WL 190529 at *1 (6th Cir. Aug. 10, 1992) (complaint filed 91 days after alleged receipt of right-to-sue letter untimely); *Davis v. Gibson Guitar Corp.*, 2006 WL 8434935 at *2 (W.D. Tenn. Aug. 30, 2006) (Title VII lawsuit dismissed for being filed one day after the 90 day period expired); *Williams v. Sears, Roebuck & Co.*, 143 F. Supp. 2d 941, 945 (W.D. Tenn. 2001) ("Title VII's ninety day period applies to *pro se* plaintiffs, and even one day's delay is fatal to a claim.").

In the instant action, Plaintiff avers in his complaint that he received the RTS Letter on or about January 16, 2024. (Docket Entry No. 1 at 5.) Accordingly, Plaintiff's complaint, which was filed on April 16, 2024, or 91 days after his receipt of the RTS Letter, is untimely.

5

In his response in opposition to the motion to dismiss, Plaintiff does not dispute either his receipt of the RTS Letter on January 16, 2024, or his filing of the complaint one day after the 90-day period expired. (Docket Entry No. 15 at 2.) Instead, Plaintiff asserts that that he experienced medical issues during the 90-day time period that hindered his ability to file his lawsuit. He states that he underwent a surgery on his right arm on February 29, 2024, that restricted him from driving and typing and that necessitated the use of pain medications. (*Id*.) He also asserts that he was hospitalized for pulmonary flash edema on two occasions, February 5-8, 2024, and April 11-19, 2024. (*Id*.) He contends that the second hospitalization prevented him from physically traveling to the courthouse to file his complaint and that he had to rely upon his elderly mother, who had no transportation, to file the complaint "when she could." (*Id*.) Plaintiff also raises the fact that he is proceeding *pro se*. (*Id*.)

Initially, the Court notes that Plaintiff's *pro se* status does not excuse him from having to comply with the 90-day filing requirement. *McGhee v. Disney Store*, 53 F.App'x 751, 752 (6th Cir. 2002); *Johnson v. U.S. Postal Serv.*, 863 F.2d 48, 1988 WL 122962 (6th Cir. 1988); *Williams v. Sears, Roebuck & Co.*, 143 F.Supp.2d 941, 945 (W.D. Tenn. 2001). However, Plaintiff's assertion that he was hindered in filing his complaint because of medical issues raises the question of whether equitable tolling should apply to excuse his untimely filing.

Because compliance with the 90-day filing requirement is not jurisdictional, the deadline may be equitably tolled in some circumstances. *Seay v. Tennessee Valley Authority*, 339 F.3d 454, 469 (6th Cir. 2003). The decision of whether to apply equitable tolling is left to the Court's discretion and should be evaluated on a case-by-case basis. *Id*.

6

Generally, equitable tolling applies where a litigant does not meet a deadline due to circumstances beyond the litigant's control. *Graham–Humphreys,* 209 F.3d at 560-61. The Sixth Circuit has identified five factors that may be pertinent to assessing the appropriateness of applying equitable tolling: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Truitt,* 148 F.3d at 648 (citation omitted).

Not all five factors are relevant in every case, *Graham-Humphreys*, 209 F.3d at 561, and the absence of prejudice to the defendant is not by itself a sufficient basis for applying equitable tolling. *Amini v. Oberlin Coll.*, 259 F.3d 493, 501 (6th Cir. 2001). Finally, federal courts should sparingly apply equitable tolling. *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990); *Graham–Humphreys,* 209 F.3d at 560. Indeed, without compelling equitable considerations, courts should not extend limitation periods. *Id.* at 561.

Considering these principles, the Court finds no basis to apply equitable tolling in this case. Plaintiff clearly had notice and was aware, or had sufficient notice, of the 90-day filing requirement by his receipt of the RTS Letter. Instead of acting promptly to protect his rights, Plaintiff waited to file his lawsuit until the end of the 90-day time period and risked the consequence of a late filing. Although Plaintiff asserts that he underwent a surgery and two hospitalizations during the 90-day time period, these events impacted only a few 90 days,[1] and Plaintiff has not offered any explanation for why he could not have filed his lawsuit during the times that he was not

---

[1] According to Plaintiff, he was hospitalized for a total of 13 days during his two stays in the hospital. He does not state that his surgery required a stay in the hospital.

7

experiencing medical issues and was not in the hospital. A party's diligence to protect his rights exists throughout the entirety of the filing period not only at the end of the period. *Fletcher v. Bayer*, 2020 WL 13698867 at *4 (E.D. Tenn. Aug. 31, 2020) (equitable tolling of 90-day time period did not apply even though the plaintiff was hospitalized for 28 days of the 90-day period because "the Court has no basis to find that she was diligent in attempting to meet the deadline during the periods she was not hospitalized."). While the Court is sympathetic to Plaintiff because of his medical issues, the Court finds that he has not shown that he exercised due diligence to file his lawsuit in a timely manner, nor has he shown that equitable tolling should apply. Even though the consequence of his untimely filing is significant, Plaintiff bears the responsibility for missing the filing deadline.

**B.   THRA Claims**

The THRA provides a party with "one (1) year after the alleged discriminatory practice ceases" within which to file a lawsuit. Tenn.Code.Ann. § 4-21-311(d); *Weber v. Moses*, 938 S.W.2d 387, 389-90 (Tenn.1996). *See also Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 464 (6th Cir. 2001). "Employment discrimination and retaliatory discharge causes of action accrue and the statute of limitations begins to run when the employee is given unequivocal notice of the employer's termination decision." *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 144 (Tenn. 2001).

Plaintiff was terminated from employment on February 6, 2023. However, Plaintiff did not file this lawsuit until April 16, 2024. On its face, the lawsuit was filed more than one year after the

8

alleged discriminatory practice ended, and Plaintiff's lawsuit is therefore untimely.[2] In his response in opposition to the motion to dismiss, Plaintiff does not address the THRA statute of limitations defense raised by Defendant and does not offer any basis for negating the defense.[3] Accordingly, his claims under the THRA must be dismissed as untimely.

### C. Hostile Work Environment Claim

Plaintiff fails to assert a statutory basis for his hostile work environment claim. However, because there is not a recognized claim for "hostile work environment" under common law and because this type of claim is normally brought under Title VII and/or the THRA, the two statutes that are specifically relied on as the basis for Plaintiff's lawsuit, the Court shall construe this claim as being brought under both Title VII and the THRA. As such, this claim is subject to dismissal as untimely for the reasons set out above. To the extent that the claim can be construed as being brought under any other statute, the Court declines to provide a statutory basis that is not actually asserted by Plaintiff.

---

[2] When a complaint affirmatively shows on its face that a claim is time-barred, dismissing the claim under Rule 12(b)(6) for failure to state a claim is appropriate. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

[3] The Court notes that the filing of an EEOC charge does not toll the statute of limitations on THRA claims. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 464 (6th Cir. 2001); *Cotton v. Williamson Cnty. Gov't*, 650 F. Supp. 3d 609, 623 (M.D. Tenn. 2023).

# R E C O M M E N D A T I O N

Based on the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss (Docket Entry No. 10) filed by Defendant City of La Vergne, Tennessee be **GRANTED IN PART** with respect to Defendant's contention that Plaintiff's lawsuit has not been timely filed and that this case be **DISMISSED WITH PREJUDICE** as untimely.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

    Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

10